*224 OPINION.
Smith: 1.
The petitioner contends that his books of account and his income-tax returns were made on the accrual basis and not on the basis of cash receipts and disbursements. The revenue agent who examined the books of account came to the conclusion that the books were kept on a cash receipts and disbursements basis and the returns clearly indicate that they were made on that basis. The fact that inventories were used in computing the profit of the merchandising business or that interest was returned upon the basis of the interest which accrued and not on the basis of interest received is not conclusive. The evidence fails to show that the books of account or that the original return for the calendar year 1919, and the amended return for the fiscal year ended January 31, 1920, were made on an accrual basis.
The petitioner contends that he is entitled to deduct from the gross income of the taxable year the amount of the profit which he previously set aside on his books of account to be paid to B. L. Jordan in accordance with his contract with Jordan of January 1, 1918. Clearly this amount was not paid to Jordan during the taxable year. Furthermore, there was only a contingency that it ever would be paid and under the decisions of the Board a contingent reserve set up to meet a possible liability is not a proper deduction from gross income. William J. Ostheimer, 1 B. T. A. 18; Uvalde Company, 1 B. T. A. 932.
2. The second point in issue is the basis for determining the profit upon the sale of a plantation, the petitioner claiming that although his one-half interest in the plantation cost $5,458.56, nevertheless, he entered into a partnership in 1915 for the operation of the plantation and his partner, W. P. Bhodes, paid him $9,375 for his one-half interest in the partnership. The evidence would indicate that Bhodes acquired for this $9,375 an interest in certain live stock, the cost of which is not in evidence. The petitioner’s contention is that inasmuch as $9,375 is the basis for determining the profit made by his partner upon the sale, the same basis should be used for determining his own profit and not the admitted cost of $5,458.56.
There can be no question as to the amount of the profit realized by the petitioner from the transaction resulting in the sale of his half interest in the plantation. It was the difference between *225 $5,458.56, the eost of his half interest therein, and the sale price. Section 202(a) prescribes the basis for determining the profit in the case of sale or other disposition of property. Apparently the plantation was acquired subsequent to March 1, 1913. There is no evidence that it was acquired before that date. The cost of the half interest is therefore the basis to be used in computing the gain.
3. The Commissioner computed a profit of $4,000 upon the sale of personalty for $4,000. This personalty included live stock, farming implements, harvested crops, and accounts receivable of $1,038.13. The cost of these assets with the exception of the accounts receivable had been charged to plantation expense. For lack of evidence as to the cost of such assets other than the accounts receivable it must be held that the correct profit realized from the sale was $2,961.87 — the difference between $4,000 and $1,038.13.
4. The petitioner contends that he is entitled to deduct from gross income of the fiscal year ended January 31, 1920, the amount of certain subscriptions he made to charitable organizations. In support of his contention he cites Appeal of C. H. Musselman, 1 B. T. A. 41, in which it appeared that Musselman, who kept his books of account upon an accrual basis, had become bound under an agreement to make a contribution to a charitable organization. The facts in the instant case are entirely different from those which obtain in the Musselman appeal. There is nothing in the record to show that the petitioner was in any wise bound by his subscription agreements and the evidence is conclusive that the amounts were not paid during the taxable year. We discover no error in the action of the respondent in disallowing the deductions.
Reviewed by the Board.
Judgment will be entered on 15 days’ notice, under Rule 50. ■